# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 6, 2013

Lyle W. Cayce
Clerk

No. 12-20317
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS HERNANDEZ-GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-683-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Luis Hernandez-Gomez pleaded guilty to one count of conspiracy and two counts of harboring illegal aliens for the purpose of commercial advantage and private financial gain. The district court sentenced Hernandez-Gomez to 37 months of imprisonment on each of the three counts, with the terms to run concurrently. In determining this sentence, the district court adjusted upward his base offense level by two levels, pursuant to U.S.S.G. § 2L1.1(b)(5)(C),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because Hernandez-Gomez possessed a firearm in relation to the offenses. On appeal, Hernandez-Gomez argues that this finding was clearly erroneous.

Under the discretionary sentencing system established by *United States v. Booker,* 543 U.S. 220 (2005), district courts retain a duty to consider the Sentencing Guidelines, along with the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 518–19 (5th Cir. 2005). "[A] district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings . . . are reviewed for clear error. There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Hernandez-Gomez argues that the evidence that he took the firearm when he went to work showed only the possibility that the firearm was possessed in connection with his alien harboring conspiracy rather than his business of installing countertops. The undisputed evidence is that Hernandez-Gomez was engaged in alien smuggling for two years, that he "worked" in the enterprise of alien smuggling, that he purchased a firearm for protection, and that he took the firearm with him when he went to work. Assuming that the record allows for the possibility that the firearm could have been used to protect his other business, this possibility does not make the district court's factual finding that the firearm was used in relation to Hernandez-Gomez's alien smuggling implausible. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996) (holding that the court of appeals may not reverse a plausible finding even though it would have weighed the evidence differently). The district court did not clearly err by finding that Hernandez-Gomez had possessed a firearm in relation to the offenses of conviction.

AFFIRMED.